## NED COLEMAN v. THE STATE.

### No. 3042.    Decided June 7, 1905.

**1.—Murder in Second Degree—Manslaughter—Evidence—Insult to Female.**

Where at the time the alleged acts of familiarity or insults were offered by deceased to his daughter, defendant occupied no relationship to such female, but married her some months after the killing by defendant of deceased, such acts of the latter were inadmissible in evidence to reduce the homicide to manslaughter. Distinguishing Jones v. State, 38 Texas Crim. Rep., 87.

**2.—Same—Bill of Exceptions—Courts' Explanation Controls.**

Where the court's explanation to defendant's bill of exceptions showed that the defendant's counsel was afforded an opportunity to discuss murder in the second degree before the court submitted that issue and he declined, there was nothing in defendant's exception that he was not allowed to do so.

**3.—Same—Charge of Court—Exceptions Which Do Not Reach Defect Can Not be Considered.**

See opinion for exceptions to the court's charge which do not reach objections which might properly have been urged, and which can not therefore be considered.

**4.—Same—Special Venire—Diligence—Officer's Return.**

Where the return of the officer recites facts, as to the veniremen not served, which render any amount of diligence on his part unnecessary, there is no force in an objection that the officer's return does not show what diligence was used by the officer to serve and secure the attendance of the absent veniremen.

Appeal from the District Court of Kerr. Tried below before Hon. Ed. Haltom, special judge.

Appeal from a conviction of murder in the second degree; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment fixed at seven years confinement in the penitentiary; hence this appeal.

By bill of exceptions number 1, appellant questions the action of the court refusing to permit him to show acts of familiarity between deceased, Jim Askey, and his daughter Pollie Scruggs; that is, some attempts on the part of deceased to solicit or obtain carnal intercourse with his daughter Pollie Scruggs. At the time of the homicide Pollie Scruggs is not shown to have occupied any relationship to

appellant.   Some months after the homicide she married him, but this fact would not authorize the introduction of that character of evidence, as Pollie Scruggs was then living with her father and under his protection, and was not related to appellant.   We fail to see how this fact, if permitted to be proven would raise the issue of manslaughter.   This is not like the case of Jones v. State, 38 Texas Crim. Rep., 87, where the insults were offered to Mrs. Bullington, prior to her marriage to Jones, and there was evidence of the renewal of the insults after she became the wife of Jones—the homicide occurring after her marriage with Jones.

As explained by the court there is nothing in appellant's contention that his counsel was not afforded the privilege of discussing murder in the second degree.   The court's explanation shows that he informed appellant of his intention to submit murder in the first degree, and that the court would allow counsel for defendant such time as they desired to address the jury on that question.   Defendant's counsel declined to further address the jury.

In motion for new trial appellant excepted to a number of the charges of the court.   It may be conceded that some of these charges, if properly excepted to, would be erroneous; but as excepted to, it does not occur to us that they are.   For instance, the charge on threats is objected to, because the court instructed the jury that they could be considered in explaining the conduct of and arriving at the intention of defendant, whereas the law requires the jury to also consider threats of the deceased in explaining the attitude and conduct of deceased at and about the time of the killing.   We understand that threats are introduced for the benefit of a defendant, and that the jury is authorized to look to them in connection with all the facts and circumstances of the case in judging of the acts and conduct of the defendant at the time of the homicide.

Appellant excepts to the charge also because it limited the defendant's right of self-defense to an attack made on him by deceased with a weapon.   The charge on that point is in substance, if the jury believe deceased had threatened defendant, etc., and caused defendant to believe that deceased was about to assault him with a weapon. While it is true that the evidence showed deceased did not have any weapon, appellant testified that he thought he had.   He says he shot at him because he thought when appellant threw his hand to his hip that he was going to shoot him.   We do not regard this as suggesting to the jury that deceased must have had a weapon, but refers the matter to them in connection with the belief of appellant.

Appellant also objected to the court's charge, instructing the jury that when danger of death or serious bodily injury ceases, the right to kill ceased with it.   He says this charge is erroneous, because it eliminates the right of defendant to act upon apparent danger.   It states a correct proposition of law, and was applicable to this case, because, if appellant was ever in any danger or apparent danger from

an attack by deceased, it was at the time the first shot was fired. He is shown to have afterwards pursued deceased and fired two or three other shots at him; two of which took effect. We hardly think, judging from the evidence, that there could be any self-defense as to these latter shots, even from the appellant's own statement.

Appellant objected to the charge of the court, in which the jury were told, if they found appellant was justifiable in firing the first shot, and that thereafter deceased ran and defendant did not believe himself in further danger, followed after deceased, shooting at him, and then killed him, he would be guilty of murder. Appellant's objection to this charge is not on the ground that, under the circumstances he might be guilty of a less grade of felonious homicide than murder, but he states specifically his grounds of objection to be, that said charge was upon the weight of the evidence, in assuming that deceased fled; and erroneous in that it eliminated the defendant's right to act upon apparent danger, and it assumes that defendant's right to shoot ceased with the flight of deceased. An examination of the charge does not show that it is subject to the criticisms levelled at it by appellant. We are only discussing those exceptions taken to the charge. The charge submits to the jury, if they believed the first shot was fired, under cirucumstances which caused defendant to believe that his life was in danger, or he was in danger of serious bodily injury under circumstances which caused defendant to believe that his life was in danger or he was in danger of serious bodily injury that in such event he had a right to shoot to protect himself. This does not eliminate the appearances of danger, but leaves to the jury to determine whether or not appellant believed he was in danger. It further submits to the jury, that if they believed deceased after the first shot ran, and defendant pursued him, and did not believe himself then in danger, etc. This is not an assumption on the part of the court that deceased fled. The charge is not subject to the objection urged against it. We are by no means commending this charge as a model; nor do we say that it is not subject to objections, if they had been properly taken. We are only discussing those exceptions taken and urged against it. When appellant assumes to point out specifically the grounds of his objection to a charge, we will presume that he has no others to urge, or he would have stated them.

There is a motion to quash the special venire. The ground of objection stated is, that the return does not show what diligence was used by the officer to serve and secure the attendance of R. S. Ridgway and W. C. Wharton, two of the special venire of thirty-six who were selected. The return shows, as we read it, that "R. S. Ridgway is not now nor was he in Kerr County when the writ was issued. He is now and has resided in Edwards County, Texas, for the past two years." That W. C. Wharton, when this writ was issued was absent from Kerr County, and has ever since been so absent. We are at a loss to understand how appellant can contend that sufficient excuse is not pre-

sented for failure to serve these two jurymen. The excuse it is true, is not set out opposite the names of the jurors, nor are the acts of diligence by the sheriff stated; but he recites facts as to said jurors which render any amount of diligence on his part unnecessary.

There being no error in the record, and no reversible errors in the charges of the court as excepted to by appellant, the judgment is affirmed.

*Affirmed.*