ALFRED BEAUCHAMP v. THE STATE.

No. 1099. Decided October 11, 1911.

1.—Murder—Motion for New Trial.

Where, upon appeal from a conviction of murder, the grounds of the motion for a new trial were too general to be considered on appeal, there was no error.

2.—Same—Charge of Court—Exceptions too General.

Where the ground of objection to the court's charge on murder in the second degree simply was that the court erred, the same was too general to be considered on appeal.

3.—Same—Practice on Appeal—Error Must be Pointed Out.

When error is assigned on the charge of the court by either a bill of excep-

tions or motion for a new trial, the specific error relied on must be pointed out. Following Pollard v. State, 58 Texas Crim. Rep., 299, and other cases.

Appeal from the District Court of Cass. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for the murder of John Allen by shooting him with a gun, tried and convicted for murder in the second degree and his punishment fixed at five years in the penitentiary.

It is unnecessary to give in detail the evidence in the case. The theory of the State was that the appellant had waylaid and assassinated the deceased. The evidence tends very strongly as shown by the record, to establish the State's theory.

The defendant's theory was that he accidentally met the deceased in the road and after some altercation the deceased attacked him and he killed him in self-defense.

The evidence shows that the deceased was a quarrelsome and overbearing person. The appellant claimed that shortly prior to the killing the deceased had gotten, either by mistake or purposely, some of his hogs. The appellant was shown to have been carrying his gun about with him for sometime prior to the killing, and made various threats tending to show that he intended to kill the deceased when he had the opportunity or when he again met him. On the morning the appellant killed the deceased, it was shown that the appellant knew that the deceased was going a certain road that morning to haul ties out of the timber. The appellant went by the house of some witnesses early in the morning before they had even begun to get breakfast, inquiring about his hogs and he went from these parties to the forks of a road where it was apparent that the deceased would have to go along to haul the ties. The deceased was shown to have been shot in the side. The witnesses heard the firing of a gun one time only. Very soon afterwards the appellant returned to the same witnesses he had shortly before passed and announced that he had killed the deceased. The body of the deceased was found near the side of the road at the place evidently where the appellant had killed him. There were no witnesses to the killing other than the appellant. He testified and attempted to make out by his testimony self-defense.

There are no bills of exceptions nor charges asked and refused. There are but two grounds of the motion for new trial. The first is "because the verdict and judgment are contrary to the law and not

supported by the evidence adduced on the trial of the cause." No attempt is shown by this motion to establish that the judgment was either contrary to the law or the evidence. This being so, the ground of the motion is too general to be considered. Besides, we have gone over the statement of facts carefully and the evidence would have justified a conviction for a higher offense and a very much more severe penalty than was inflicted.

The other ground of the motion for new trial is "because the court erred in his charge on murder in the second degree in giving to the jury the following charge, to wit;" then quotes the charge complained of. It is unnecessary to copy this charge. No ground whatever is assigned in the motion or otherwise in the record why this charge was wrong.

When error is assigned on the charge of the court by either a bill of exceptions or motion for new trial, the specific error relied upon must be pointed out. It is not sufficient to copy the charge complained of into the bill or motion. In the case of Pollard v. State, 58 Texas Crim. Rep., 299, this court said:

"By bill of exceptions complaint is also made of the charge of the court on the subject of manslaughter. . . . We will, however, set out literally the complaint made of said charge in the bill of exceptions, which is as follows: 'The defendant objected and excepted to said portion of said paragraph, and to the submission of said issue of manslaughter, in his motion for a new trial, because said charge upon the law of manslaughter is too restricted, and not liberal enough to the defendant, and, manslaughter being a defense to murder, had the court given the defendant a more liberal charge on the law of manslaughter the jury would in all probability· have found him guilty of that offense, and have assessed his penalty at from two to five years.' It will be noticed that by inspection of this objection that it was very general, and pointed out no particular respect in which the charge was erroneous and hurtful. Under the law of this State, before we are authorized to review the correctness of a charge either by bill of exceptions or motion for new trial, same must be objected to and the particular error pointed out. This the bill does not do. In general, the charge of the court on manslaughter is a fair submission of that issue, and if additional instructions were desired or further elaboration, or a more particular submission of any issue arising in the case had been desired, it may be if the exception then interposed had directed the attention of the court to the infirmity or error or failure to include any feature or issue raised by the evidence therein, that the court would have acceded to such suggestion." This is the well established doctrine of this court and of the law. Campbell v. State, 15 Texas Crim. App., 506; Thompson v. State, 32 Texas Crim. Rep., 265; Reynolds v. State, 17 Texas Crim. App., 413; Garello v. State, 31 Texas Crim. Rep., 56; Quintana v. State, 29 Texas Crim. App., 401; Coleman v. State, 48 Texas Crim. Rep., 343; White v. State, 52 Texas

Crim. Rep., 193; Roma v. State, 55 Texas Crim. Rep., 344; Cornwell v. State, 61 Texas Crim. Rep., 122, 134 S. W., 221.

The judgment will in all things be affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.